Pursuant to plea negotiations, Gary G. Morton entered Alford
no contest pleas to one count of rape and two charges of gross sexual imposition. The trial court made findings of guilty and thereafter determined that Morton was a sexual predator and sentenced him to 7+ years imprisonment.
Morton asserts a single assignment of error on appeal:
 TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS A SEXUAL PREDATOR WHEN SAID DETERMINATION WAS NOT BASED UPON CLEAR AND CONVINCING EVIDENCE.
Morton advances several arguments in support of his assignment of error. He contends that because his Alford pleas were no contest rather than guilty pleas, the trial court had no evidence before it that the offenses took place, and that the witnesses at the sexual predator hearing, and the trial court, mistakenly presumed that he had committed the offenses. He attempts to distinguish this case from State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported wherein we stated:
 The trial court was permitted to assume appellant committed the charged offense because the appellant pled guilty to the offense. See R.C. 2950.09(A). There is no statutory exception for "Alford" pleas of guilty.
The distinction Morton attempts is based on the fact thatCondron involved Alford guilty pleas whereas Morton enteredAlford no contest pleas. We are not persuaded that this is a legally significant distinction. First an Alford plea — whether of guilty or no contest — is accompanied by a protestation of innocence. Second, although a no contest plea, by definition, is not an admission of guilt, it is an admission of the truth of the facts alleged in the indictment. Crim. R. 11(B). Finally, because of the protestation of innocence, no Alford plea — guilty or no contest — may be accepted until the trial court satisfies itself that there is a factual basis for the plea. The factual basis for Morton's pleas was amply demonstrated. Because the trial court must be satisfied that there is a factual basis for an Alford plea — regardless of whether it is guilty or no contest — we conclude that there is no functional difference between Alford guilty pleas and findings of guilty following Alford no contest pleas for purposes of determining whether one is a sexual predator.
Morton also appears to complain about the trial court's failure to follow the rules of evidence. A similar complaint was made in State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported wherein we stated:
 Although this evidence may not have been admissible at a trial, the trial court could have reasonably considered this evidence in determining whether Watts was a sexual predator. In our judgment, these proceedings are sufficiently akin to proceedings for sentencing and consideration of probation to come with the spirit of Evid.R. 101(C)(3). The effective date of R.C. 2950.09 post dates the most recent amendment to Evid. R. 101.
See also, State v. Bradley (June 19, 1998), Montgomery App. No. 16664, unreported; State v. Scarborough (Apr. 27, 1998), Warren App. No. CA 97-08-088, unreported.
The evidence germane to the sexual predator determination consisted of the testimony of Dr. Susan Perry Dyer, a clinical psychologist, and Mary Ripberger, an adult probation officer, Dr. Dyer's written forensic evaluation, and an H.B. 180 Screening Instrument.
Other than Dr. Dyer's presuming that Morton had committed the offenses of which he was found guilty, a presumption we conclude was proper, supra, Morton's complaint with Dr. Dyer appears to be that she did not offer an expert opinion as to whether he was a sexual predator. Dr. Dyer testified that she was unable to render such an opinion, and that the determination of whether Morton was a sexual predator was for the trial court. We endorsed the position taken by Dr. Dyer in Watts wherein we stated:
 Watts contends on appeal that laypeople, including judges and attorneys, cannot analyze the statutory factors without expert testimony. This argument ignores the plain language of the statute which requires the judge to determine whether the offender fits the definition of a sexual predator. Expert testimony is among the types of evidence that may be offered by either party at the hearing required under R.C. 2950.09(B)(1), but the language of the statute does not require such evidence and, in any event, the presentation of such evidence would not require the court to adopt the expert's recommendation. Thus, Watts' assertion that the trial court could not have found him to be a sexual predator without expert testimony to that effect is without merit.
Morton's complaint with Mary Rysberger's testimony is that she was not personally acquainted with the facts and had not personally completed the screening instrument.
Rysberger testified that she had monitored and supervised sex offenders for many years as a probation officer, and that she had become part of a four person team, including Mike Hurt — the actual preparer of the screening instrument — when H.B. 180 became effective. She testified that she had attended a week-long seminar sponsored by the National Institute of Corrections that dealt with "sexual predator type hearings." She summed up the reasons for the probation department's recommendation that Morton be classified as a sexual predator as follows:
 Q. And based on the factors that you just reviewed with us, are A through J, what is the determination made as to the sexual offender status of Mr. Morton?
 A. The fact that the victims were under 18, the fact that there were multiple victims, the fact that there appears to be a demonstrated pattern of abuse and additional behavior characteristics, that there were other alleged victims, we have determined that he should be, we determined that he be designated as a sexual predator.
 Q. And is that the recommendation that was made by Michael Hurt on that particular form?
A. Yes.
 Q. Is it likewise your recommendation in reviewing the report and in reviewing this particular case that Mr. Morton be designated as a sexual predator?
A. Yes.
The trial court expressly excluded from its consideration the "other alleged victims" referred to by Ripberger and section j of the screening instrument, which dealt with the other alleged victims. The balance of the information on the screening instrument was confined to the two victims of the offenses of which Morton was found guilty. Given the relaxed rules of evidence applicable to sexual predator proceedings, we find no error in the trial court's consideration of Ripberger's testimony or the screening instrument.
Going to the question of whether the trial court reasonably determined that the State had established by clear and convincing evidence that Morton was a sexual predator, the trial court summarized the evidence from the bench as follows:
 All of those factors, I believe, are outweighed by the following. First, the age of the victims at the time of the offense. Jennifer Whetsell, 11, Heather Kron, beginning at the age of 5 all the way through the age of 17, they were both not adults or both under 18.
 Dr. Dyer in her report stating quote, this widens his target population to include both child and teenage children. And she testified here in court that that factor is an indication of an increased risk of recidivism.
 Secondly, the fact that there isn't a single victim, there are multiple victims, two victims in this case. Dr. Perry-Dyer in her report stating quote. Although there is no known statistical relationship between multiple victims within one offense and recidivism, it is known that having been convicted of molesting more than one child attests to the chronicity and/or pattern of molesting in general. And she testified this morning that this factor indicates a higher risk of recidivism.
 There is a pattern of abuse in this case given that there are two victims. One related to you, one not related to you, over a lengthy period. Heather Kron, 1981 all the way through 1992. Jennifer Whetsell 1997. Dr. Perry-Dyer in her report stating quote, it is known as chronicity and strength of an abuse pattern is associated with increased risk of recidivism.
 And the fact that using Dr. Perry-Dyer's words, your massive denial makes treatment more difficult in your case.
 And she testified this morning that this denial sets the basis for further sexual offending. Sets the, I think she used the word "platform" for further sexual offending and that is a concern for the Court that treatment to make less likely the repetition of these offenses I have to be, the Court, I think, would want to be assured the treatment would have some impact. And if denial is going to interfere with treatment, I think that's a factor this Court must consider.
* * *
 There is a definition, a statutory definition of sexual predator which is located at 2950.01(E) and it defines a sexual predator as, quote, a person who has been convicted of a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses. So there is that statutory definition.
 And this Court, after reviewing all of the testimony presented and evidence presented at the hearing and all of the factors under section 2950.09(B)(2), finds that the state has by clear and convincing evidence established that the defendant is a sexual predator as that term is defined in 2950.01
(E) and the Court further finds that the defendant is not a habitual sexual offender as that term is statutorily defined.
This summarization is amply supported by the record and, in our judgment, the trial court reasonably concluded that the State had met its burden of proof.
The assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Andrew T. French
Anthony Comunale
Hon. Dennis J. Langer